IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HESHAM M. ABDALLA, | 3:14-CV-01174-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration, | |
| Defendant. | |

**ALAN STUART GRAF**
208 Pine Street
Floyd, VA 24091
(540) 745-2519

      Attorney for Plaintiff

**BILLY J. WILLIAMS**
Acting United States Attorney
**RONALD K. SILVER**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
1961 Stout Street, Suite 4169
Denver, CO 80294-4003
(303) 844-1948

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Hesham M. Abdalla seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) and under Titles II and XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff filed applications for DIB and SSI on February 19, 2010, and alleged a disability onset date of December 1, 2009. Tr. 260, 268.[1] In December 2012 Plaintiff amended his onset date to August 9, 2010. Tr. 376. Plaintiff's applications were

---

    [1] Citations to the official transcript of record filed by the Commissioner on July 8, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on March 13, 2012, and a supplemental hearing on December 18, 2012. Tr. 33-64, 65-108. At the first hearing Plaintiff and a vocational expert (VE) testified. At the second hearing Plaintiff, a VE, and a medical expert (ME) testified. Plaintiff was represented by an attorney at both hearings.

On January 10, 2013, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 10-26. On May 30, 2014, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


**BACKGROUND**

Plaintiff was born on August 9, 1960. Tr. 260. Plaintiff was 51 years old at the time of the first hearing and 52 years old at the time of the second hearing. Plaintiff has a college education. Tr. 17. The ALJ found Plaintiff has past relevant work experience as a retail shop owner, maintenance technician, and manufacturing technician. Tr. 24.

Plaintiff alleges disability due to "low vision," diabetes, high blood pressure, cholesterol, pain and numbness of the left upper neck and extremity, and migraines. Tr. 109.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 18-23.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as

4 - OPINION AND ORDER

adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I. **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See*

5 - OPINION AND ORDER

also *Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require

6 - OPINION AND ORDER

complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his August 9, 2010, alleged

7 - OPINION AND ORDER

onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of diabetes, "status post myocardial infarction with stent placement," cervical strain, osteoarthritis of the right knee, amblyopia, keratoconus, "post penetrating keratoplasty," and "post retinal detachment of the right eye status post multiple eye surgeries." Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 16. The ALJ specifically found (1) "[t]he severity of [Plaintiff's] cervical strain does not meet or medically equal the criteria of listing 1.04"; (2) "[t]he severity of [Plaintiff's] osteoarthritis of the right knee does not meet or medically equal listing 1.02"; and (3) "[t]he severity of the claimant's visual impairments does not meet or medically equal the criteria of listing 2.02 (Loss of visual acuity), 2.03 (contraction of the visual fields in the better eye), or 2.04." Tr. 16. The ALJ found Plaintiff has the RFC to perform light work and can occasionally climb ramps or stairs, stoop, kneel, crouch, crawl, and reach overhead bilaterally. Tr. 16. The ALJ also found Plaintiff can never climb ladders, ropes, or scaffolds; be exposed to hazards such as unprotected heights or dangerous machinery; or perform "work that requires excellent

vision or good depth perception, but [Plaintiff] could read print or read a computer screen." Tr. 16.

At Step Four the ALJ concluded Plaintiff is capable of performing his past relevant work as a retail shop owner. Tr. 24.

The ALJ also made an alternative finding at Step Five that Plaintiff could perform other jobs that exist in the national economy. Tr. 25. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to consider at Step Three whether Plaintiff met or equaled Listing 4.02; (2) improperly found Plaintiff was not fully credible; (3) improperly gave limited weight to the opinion of examining physician James Borden, M.D.; and (4) relied on the VE's testimony at Step Five.

**I. The ALJ did not err at Step Three.**

As noted, at Step Three the ALJ found Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments. Plaintiff contends the ALJ erred when she failed to consider specifically whether Plaintiff met Listing 4.02. Mary Ann Westfall, M.D., reviewing physician, however, explicitly considered whether Plaintiff met Listing 4.02 and

9 - OPINION AND ORDER

concluded he did not. Tr. 113, 117. The ALJ gave Dr. Westfall's opinion "great weight" and found it was consistent with the record as a whole. The ALJ did not explicitly rely on Dr. Westfall's conclusion as to the applicability of Listing 4.02 in the ALJ's Step Three findings. Nevertheless, the Court concludes the ALJ did not err at Step Three because the ALJ discussed Dr. Westfall's findings elsewhere in her opinion and gave great weight to Dr. Westfall's findings, which indicates the ALJ incorporated Dr. Westfall's findings in the ALJ's Step Three finding. *See, e.g., Dunn v. Colvin*, No. 6:13-CV-01339-RE, 2014 WL 5824817, at *4 (D. Or. Nov. 10, 2014)("The ALJ relied on the October 2008 opinion of reviewing physician J. Morelos, M.D., who did consider the listings and concluded Plaintiff's impairment was severe but not of listing level. . . . The ALJ assigned great weight to Dr. Morelos's opinion because he found it consistent with the evidence. The ALJ's determination that Plaintiff's impairments did not meet or medically equal a Listing is supported by substantial evidence.").

On this record the Court concludes the ALJ did not err at Step Three because she provided legally sufficient reasons to support her findings.

**II. The ALJ did not err when she found Plaintiff was not fully credible.**

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for finding Plaintiff was not fully

10 - OPINION AND ORDER

credible.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

In his October 2010 Adult Function Report Plaintiff stated his impairments affect his ability to lift, stand, reach, walk, climb stairs, see, remember, complete tasks, concentrate, and get along with others. Tr. 343-49. Plaintiff noted he can walk 10 minutes before he needs to rest for 20 minutes. Tr. 347.

11 - OPINION AND ORDER

Plaintiff noted he does not finish tasks, and the pain in his neck and arm disrupts his sleep. Tr. 346-47. Plaintiff noted he tires quickly and is unable to work more than one hour without taking a long break. Tr. 345. Plaintiff reported he has difficulty reading, and he cannot see enough detail to work in electronics. Tr. 346. Plaintiff stated he began to experience fatigue in December 2009, and he has to nap for 30 to 60 minutes three times a day. Tr. 344-46.

The ALJ found Plaintiff's "subjective complaints and alleged limitations are not fully persuasive or consistent with his work history and the medical evidence, and he is therefore found to be not fully credible." Tr. 21. The ALJ noted Plaintiff worked as a taxi driver after his original alleged onset date of December 1, 2009. The ALJ also noted Plaintiff reported to his health-care provider that he would be leaving Oregon for six weeks in December 2011. Tr. 695. Similarly, in February 2011 Plaintiff reported he had been in Arizona for work. Tr. 613. In July 2011 Plaintiff reported to his health-care provider that he had days in which he was so busy that he did not have time to eat. Tr. 669. In December 2010 Plaintiff reported to his health-care provider that he had not been walking as much in the previous two months because he had been too busy. Tr. 617. In November 2011 Plaintiff's chiropractor stated on a Work Ability Form that Plaintiff was able to work full-time with restrictions

12 - OPINION AND ORDER

on reaching over his shoulder, pushing, pulling, carrying, kneeling, climbing stairs, and lifting. Tr. 751. The ALJ also noted Plaintiff's activities of daily living did not support his alleged degree of restriction. Specifically, the ALJ noted the record reflects Plaintiff performs personal care without difficulty, commutes by driving and walking, manages household finances, assists his children in studying and completing homework assignments, meets with friends for coffee twice a month, and prays at a mosque once a week. Tr. 21. In addition, Plaintiff spends two hours once a week laundering, ironing, and performing household repairs. Tr. 21. Plaintiff also shops in stores and by computer twice a month for food and items for his children. Tr. 21.

On this record the Court finds the ALJ did not err when she found Plaintiff was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

### III. The ALJ did not err when he gave limited weight to the opinion of James Borden, M.D., examining physician.

On June 15, 2012, Dr. Borden completed a Medical Source Statement in which he opined Plaintiff could sit and stand for three hours at a time without interruption and walk 20 minutes at a time without interruption. Tr. 897. Dr. Borden also noted Plaintiff could sit and stand for a total of eight hours and walk for a total of one hour in an eight-hour work day. *Id*. Dr.

13 - OPINION AND ORDER

Borden found Plaintiff was limited to occasional reaching both overhead and "all other," handling, fingering, pushing, and pulling. Tr. 898. Dr. Borden noted Plaintiff should never climb stairs, ramps, ladders, or scaffolds or "be at unprotected heights." Tr. 899-900. Dr. Borden found Plaintiff should only occasionally balance, stoop, kneel, crouch, and crawl, operate a motor vehicle, or be around moving mechanical parts. Tr. 899-900.
Dr. Borden did not evaluate Plaintiff's vision.

The ALJ gave Dr. Borden's opinion limited weight. The ALJ noted Dr. Borden relied on Plaintiff's subjective complaints in his evaluation. For example, in the form Dr. Borden specifically noted "[p]er client report" and "based on interview" in numerous categories. Tr. 22, 897-98, 900. In addition, Dr. Borden reported Plaintiff "describe[d] chest pain, but it is very hard to get him to commit to when it occurs." Tr. 882. As noted, the Court already has concluded the ALJ did not err when she found Plaintiff was not fully credible.

The ALJ also found Dr. Borden lacked objective findings to support his opinion. For example, Dr. Borden noted during Plaintiff's cardiovascular examination that Plaintiff made it two minutes into stage 1 on the treadmill before becoming very fatigued, which is "consistent with Class 2 New York Heart Association, which is described as patient with slight, mild

14 - OPINION AND ORDER

limitation of activity; they are comfortable with rest or mild exertion." Tr. 22. Dr. Borden did not note any electro-cardiogram changes or chest pain. Tr. 22. The Ninth Circuit has held an ALJ did not err when he gave little weight to the opinion of a treating cardiologist who opined the claimant was unable to perform even sedentary work because the cardiologist's opinion was contradicted by his finding that the claimant "fell within Class II of the New York Heart Association functional classification system." Wobbe v. Colvin, 589 F. App'x 384, 385 (9th Cir. 2015).

In addition, Dr. Borden opined: "[A]t this point [Plaintiff's] eye problems are probably more important to daily work [limitations] than the heart problems." Tr. 883. Dr. Borden, however, did not examine Plaintiff's vision. At the December 18, 2012, hearing Willie Boone, M.D., ophthalmologist, testified about Plaintiff's vision and opined Plaintiff does not visually qualify to carry out tasks requiring excellent vision and depth perception such as an airline pilot or commercial bus driver. Tr. 71. Dr. Boone, however, opined Plaintiff is qualified to drive and is able to read small print and to manipulate small objects. Tr. 70. Dr. Boone also testified Plaintiff does not meet or medically equal Listings 2.02 to 2.04. Tr. 70-71.

On this record the Court finds the ALJ did not err when she

15 - OPINION AND ORDER

gave limited weight to Dr. Borden's opinion because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**IV. The ALJ did not err at Step Five.**

Plaintiff alleges the ALJ erred at Step Five when she concluded in the alternative that Plaintiff could perform other work in the national economy. Specifically, Plaintiff alleges the ALJ erred because she relied on the VE's testimony that was inconsistent with the Dictionary of Occupational Titles (DOT) and the medical evidence.

When making disability determinations, the SSA relies primarily on the DOT for information about the requirements of work in the national economy. SSR 00-04p at 2. *See also Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). The Commissioner may also rely on testimony from VEs, which should be consistent with the DOT although neither trumps the other when there is a conflict. *Massachi*, 486 F3d at 1153. SSR 00-4p explicitly requires the ALJ to determine whether the VE's testimony deviates from the DOT and whether there is any reasonable explanation for any such deviation. *Id.* The ALJ may only rely on the VE's testimony as substantial evidence to support a disability determination after determining whether the VE has deviated from the DOT and whether any such deviation is reasonable. *Id.* at 1153-54.

16 - OPINION AND ORDER

At the December 2012 hearing the ALJ posed a hypothetical to the VE that includes all of the limitations that the ALJ found to be credible. Based on that hypothetical the VE testified a claimant with those limitations could perform the jobs of security guard, assembler, timekeeper, and data-entry clerk. Tr. 105. The ALJ asked the VE twice whether there was a conflict between the VE's findings and the DOT, and the VE testified there was not a conflict. Tr. 102, 106.

Nevertheless, Plaintiff asserts the jobs identified by the VE all required frequent reaching even though Plaintiff's RFC included the limitations of no more than occasional bilateral reaching overhead. According to Plaintiff, therefore, the jobs identified by the VE were inconsistent with the medical evidence. The Ninth Circuit and judges in this district have rejected Plaintiff's argument. *See Ketelboeter v. Astrue*, 550 F.3d 620 (9th Cir. 2008)(The DOT description of frequent reaching does not conflict with a hypothetical limitation regarding overhead reaching). *See also Gregg v. Comm'r of Soc. Sec.,* No. 3:13-CV-01215-TC, 2014 WL 4101739, at *3 (D. Or. Aug. 11, 2014) ("Plaintiff argues . . . the ALJ relied on erroneous vocational expert opinion because . . . he limited plaintiff with respect to 'overhead reaching,' [but] the [VE] identified jobs that require 'frequent reaching' according to the [DOT]. . . . The [DOT, however,] is silent with respect to the type of reaching involved

17 - OPINION AND ORDER

in the jobs identified in that it only identifies 'reaching' in general.  Accordingly, the ALJ did not err."); *Price v. Colvin*, 6:13-CV-01137-PK, 2015 WL 363312, at *7 (D. Or. Jan. 23, 2015)(same).

The Court finds persuasive the reasoning of *Ketelboeter*, *Gregg*, and *Price*.  On the basis of that reasoning, the Court concludes the ALJ did not err when she relied on the testimony of the VE with respect to Plaintiff's ability to perform other jobs that exist in the national economy.

Plaintiff also asserts the jobs of security guard and assembler are light-exertion jobs, which, according to Plaintiff, are inconsistent with Dr. Borden's opinion and the Class 2 New York Heart Association Classification.  The Court, however, already has concluded the ALJ did not err when she gave limited weight to Dr. Borden's opinion nor did she err when she concluded the Class 2 New York Heart Association Classification did not limit Plaintiff to sedentary work.

Accordingly, the Court concludes the ALJ did not err at Step Five when she relied on the VE's testimony and found Plaintiff could perform other jobs that exist in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

18 - OPINION AND ORDER

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 16th day of July, 2015.

                                                   /s/ Anna J. Brown
                                         ANNA J. BROWN
                                         United States District Judge

19 - OPINION AND ORDER