IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


HESHAM M. ABDALLA,                              3:14-CV-01174-BR

        Plaintiff,                              OPINION AND ORDER

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

        Defendant.


**ALAN STUART GRAF**
208 Pine Street
Floyd, VA 24091
(540) 745-2519

        Attorney for Plaintiff

**BILLY J. WILLIAMS**
Acting United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
1961 Stout Street, Suite 4169
Denver, CO 80294-4003
(303) 844-1948

        Attorneys for Defendant


**BROWN, Judge.**

        This matter comes before the Court on Plaintiff's Motion
(#15) to Amend or Alter Opinion and Judgment, Rule 59(e).  For
the reasons that follow, the Court **DENIES** Plaintiff's Motion.


                              <u>BACKGROUND</u>

        Plaintiff Hesham M. Abdalla sought judicial review of a
final decision of the Commissioner of the Social Security Admini-
stration (SSA) in which she denied Plaintiff's applications for
Supplemental Security Income (SSI) and Disability Insurance
Benefits (DIB) under Titles XVI and II of the Social Security
Act.

        On July 16, 2015, the Court entered an Opinion and Order in
which it affirmed the decision of the Commissioner.  On July 16,
2015, the Court entered a Judgment affirming the Commissioner and
dismissing this matter.

        On August 13, 2015, Plaintiff filed a Motion to Amend or
Alter Opinion and Judgment.  The Court took Plaintiff's Motion

under advisement on September 6, 2015.

## STANDARDS

"[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014)(quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)). The district court may disregard arguments made for the first time on a motion under Rule 59(e). *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001).

## DISCUSSION

Plaintiff asserts this Court committed clear error in its July 16, 2015, Opinion and Order when it (1) found there was not any apparent unresolved conflict between Plaintiff's limitation to occasional overhead reaching bilaterally and the jobs identified by the vocational expert (VE) and (2) concluded the finding of the Administrative Law Judge (ALJ) at Step Three was supported by substantial evidence in the record.

## I. Step Five

In its July 16, 2015, Opinion and Order the Court noted the ALJ posed a hypothetical to the VE at the administrative hearing that included all of the limitations the ALJ found to be credible.  Based on that hypothetical the VE testified a claimant with those limitations could perform the jobs of security guard, assembler, timekeeper, and data-entry clerk.  The ALJ asked the VE twice if there was any conflict between the VE's findings and the DOT, and the VE testified there was not any conflict.  Plaintiff, however, asserted in his pleadings filed in this Court that the jobs identified by the VE required frequent reaching even though Plaintiff's residual functional capacity (RFC) included the limitations of no more than occasional bilateral reaching overhead.  According to Plaintiff, therefore, the jobs identified by the VE were inconsistent with the medical evidence.

The Court noted judges in this district have rejected Plaintiff's argument.  *See*, *e.g.*, *Gregg v. Comm'r of Social Sec.*, No. 3:13-CV-01215-TC, 2014 WL 4101739, at *3 (D. Or. Aug. 11, 2014)("Plaintiff argues . . . the ALJ relied on erroneous vocational expert opinion because . . . he limited plaintiff with respect to 'overhead reaching,' [but] the [VE] identified jobs that require 'frequent reaching' according to the [DOT]. . . . The [DOT, however,] is silent with respect to the type of reaching involved in the jobs identified in that it only identifies 'reaching' in general.  Accordingly, the ALJ did not

err."); *Price v. Colvin*, 6:13-CV-01137-PK, 2015 WL 363312, at *7
(D. Or. Jan. 23, 2015)(same).  The Court found "the reasoning of
. . . *Gregg*[] and *Price* to be persuasive and on the basis of that
reasoning conclude[d] the ALJ did not err when she relied on the
testimony of the VE with respect to Plaintiff's ability to
perform other jobs that exist in the national economy."  Opin.
and Order at 16.  The Court also found the reasoning in
*Ketelboeter v. Astrue*, 550 F.3d 620 (7th Cir. 2008),[1] to be
persuasive.  Plaintiff has not identified a Ninth Circuit case
that supports his argument.  Instead Plaintiff points only to
other cases decided in this district in which judges reached a
conclusion opposite to that reached in *Gregg, Price*, and this
Court.

In the absence of any Ninth Circuit precedent, the Court did
not commit clear error when it found one line of decisions in
this district to be more persuasive than another.

## II.  Step Three

Plaintiff alleges the Court committed clear error when it
found the ALJ's finding at Step Three was supported by
substantial evidence.  Plaintiff reiterates the arguments
contained in his Opening Brief and Reply Brief.

In *Alaska Department of Environmental Conservation v. E.P.A.*

---

[1] The Court erroneously identified *Ketelboeter* as a Ninth
Circuit case in its citation, but the Court did not rely on
*Ketelboeter* as precedent in its reasoning.

the Supreme Court noted "[e]ven when an agency explains its decision with less than ideal clarity, [the court] must uphold it if the agency's path may reasonably be discerned."  540 U.S. 461, 497 (2004)(quotation omitted).  Similarly, the Ninth Circuit has noted reviewing courts "are not deprived of [their] faculties for drawing specific and legitimate inferences from the ALJ's opinion."  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).  Here the Court's conclusion is also consistent with *Lewis v. Apfel* in which the Ninth Circuit affirmed the district court's decision and noted the "ALJ [must] discuss and evaluate the evidence that supports his or her conclusion," but there is not any requirement that the ALJ do so under a particular heading. 236 F.3d 503, 513 (9th Cir. 2001).  Here the Court concluded, based on the context of the ALJ's opinion, that "the ALJ incorporated Dr. Westfall's findings in the ALJ's Step Three finding."  The Court, therefore, concludes Plaintiff has not established that the Court committed clear error when it found the ALJ's finding at Step Three was supported by substantial evidence in the record.  Thus, after reconsidering Plaintiff's arguments, the Court concludes they do not provide a basis to amend or to alter the Court's Opinion and Order or Judgment.

Accordingly, the Court denies Plaintiff's Motion to Alter or Amend Opinion and Judgment.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#15)

to Amend or Alter Opinion and Judgment, Rule 59(e).

IT IS SO ORDERED.

DATED this 8th day of October, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge